IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEE W. UECKER,

    Petitioner,

v.                                                                              CIV. 13-394 WJ/GBW

TIMOTHY HATCH and ATTORNEY
GENERAL OF THE STATE OF NEW MEXICO,

    Respondents.

**<u>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL</u>**

This matter is before the Court on Petitioner's second motion for appointment of counsel. *Doc. 9*. Having reviewed the motion, the Court finds that it should be denied.

"There is no constitutional right to appointed counsel in a civil case. However, '[t]he court may request an attorney to represent any person unable to afford counsel.'" *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (quoting 28 U.S.C. § 1915(e)(1)) (other citations omitted). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F. 2d

1

994, 996 (10th Cir. 1991)).  Finally, the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

The Court denied Petitioner's first motion for appointment of counsel because Petitioner based it solely on the fact that he does not know much about the law. *Doc. 8.* Petitioner now argues in addition that he is indigent, unintelligent, and uneducated.[1] *Doc. 9* at 1.  As the Court noted in its first order, "[i]t is not enough 'that having counsel appointed would have assisted [Petitioner] in presenting his strongest possible case, [as] the same could be said in any case.'"  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).  Petitioner's petition and correspondence with the Court indicates his ability to read and understand the issues in this case and articulate his claims.  *See docs. 1, 2, 5, 9*.  His petition does not present novel or complex legal claims and Petitioner has not identified any special or compelling circumstances that would warrant the appointment of counsel.  Petitioner's latest motion does not alter the Court's conclusion that he is not entitled to the appointment of counsel.

---

[1] To the extent Petitioner is concerned about his indigence, the Court notes that he has not yet filed a motion to proceed *in forma pauperis*.

Wherefore, **IT IS HEREBY ORDERED** that Petitioner's second motion for appointment of counsel, *doc. 9*, is **DENIED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE