IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEE W. UECKER,

    Petitioner,

v.                                                     Civ. No. 13-394 WJ/GBW

TIMOTHY HATCH and ATTORNEY
GENERAL OF THE STATE OF NEW MEXICO,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. *Doc. 1*. I find that this Court lacks jurisdiction over the petition because it is successive and recommend that the Court dismiss it.

**I.**     **BACKGROUND**

On July 6, 2001, Petitioner Lee Uecker pled guilty in New Mexico's Seventh Judicial District Court to one count of second degree murder and one count of attempted first degree kidnapping. *Doc. 12*, Ex. A. The court found that the sentence for the first count—normally 15 years—should be aggravated by one-third. *Id.* at 2. It therefore sentenced Petitioner to 20 years imprisonment for the first count and 9 years for the second, for a total of 29 years. *Id.* Petitioner did not file an appeal.

1

Since his sentencing in 2001, Petitioner has filed four state habeas petitions. The first, filed on April 25, 2005, argued that he was mentally incompetent when he pled guilty and that his trial counsel was ineffective for refusing to request a psychological evaluation and allowing him to plead guilty while incompetent. Answer, Ex. C, *Uecker v. Hoisington*, No. 07-cv-1041 (D.N.M. Nov. 21, 2007) (Doc. 8) [hereinafter "*First Federal Petition*"]. The district court dismissed the petition on September 6, 2006. *Id.*, Ex. E. Petitioner then filed a petition for writ of certiorari in the New Mexico Supreme Court on October 6, 2006, which was denied on December 8, 2006. *Id.*, Exs. F, H.

On April 13, 2007, Petitioner filed a second habeas petition in state court, alleging illegal search and seizure in violation of the Fourth Amendment, insufficient evidence to support his guilty plea, and ineffective assistance of counsel for (1) failure to request a psychological evaluation; (2) failure to move to suppress cassette tapes, Petitioner's statements, and evidence seized from Petitioner's property; (3) failure to investigate; and (4) stipulating to the State's facts and waiving the issue of Petitioner's competency. *Id.*, Ex. I. The court summarily dismissed the petition on June 4, 2007, and the Supreme Court denied his petition for writ of certiorari on July 24, 2007. *Id.*, Exs. J, L.

On October 15, 2007, Petitioner filed his first federal habeas petition under § 2254 in this court. *First Federal Petition, doc. 1*. Petitioner brought the following claims: (1) ineffective assistance of counsel for (a) failing to request a psychological exam, (b) allowing Petitioner to plead guilty while incompetent, (c) failing to investigate, (d)

2

stipulating to the State's facts, (e) waiving the issue of competency, (f) failing to inform Petitioner of the length of his sentence, and (g) failing to file a motion to suppress; (2) Petitioner was incompetent when he pled guilty; (3) illegal search and seizure in violation of the Fourth Amendment; and (4) insufficient evidence to support the kidnapping conviction. *Id*. Magistrate Judge Puglisi recommended dismissing the petition as untimely because it was filed nearly four years after Petitioner was sentenced. *Id.*, *doc. 17*. Judge Herrera agreed and dismissed the petition with prejudice on April 30, 2008. *Id.*, *doc. 19*.

Petitioner then filed a third petition in state court on October 26, 2011, arguing that a jury rather than a judge should have determined whether to aggravate his sentence and that his trial counsel was ineffective for introducing inculpatory evidence and failing to request a psychological evaluation. *Doc. 1* at 16. This petition was summarily dismissed on November 8, 2011. *See New Mexico v. Uecker*, D-721-CR-200100018. Petitioner filed a petition for writ of certiorari on March 11, 2013, which was denied on April 8, 2013. *Id.*; *Doc. 1* at 33, 36. Petitioner filed his fourth and (so far) final state habeas petition on February 11, 2013. *Doc. 1* at 24. He alleged that he was not notified of the dismissal of his prior habeas petition and that he was denied access to his legal mail. *Id*. The court summarily dismissed the petition on February 20, 2013. *Id*. at 24, 34. Petitioner has not yet filed a petition for writ of certiorari. *See Uecker v. Hatch*, D-721-CV-201300019.

Petitioner filed the instant petition under 28 U.S.C. § 2254 on April 26, 2013. *Doc. 1*. He brings two claims: (1) improper aggravation of his sentence by the judge rather than the jury and (2) ineffective assistance of counsel for allowing the aggravation of Petitioner's sentence.[1]  *Id*. at 5-8.

## II.   ANALYSIS

Because Petitioner filed a previous § 2254 petition, the instant petition falls within the strictures of 28 U.S.C. § 2244, which governs second and successive petitions.[2]  Before a prisoner may file a successive § 2254 petition in federal district court, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  "A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the Tenth Circuit] has granted the required authorization."  *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).  "When a second or successive § 2254 . . . claim is filed in the district court without the required authorization . . . , the district court may transfer the matter to [the Tenth Circuit] if it determines it is in the interest of justice to do so . . . , or it may dismiss the motion or petition for lack of jurisdiction."  *Id*. at 1252.  "Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the

---

[1] Petitioner lists three grounds for relief in the instant petition.  However, two—grounds one and three—make the same claim: that his sentence was improperly aggravated by a judge rather than a jury.  *See doc. 1* at 5-8.

[2] The dismissal of Petitioner's first § 2254 petition as time-barred is a decision on the merits for purposes of § 2244.  *Johnson v. Workman*, 446 F. App'x 92, 93 n.1 (10th Cir. 2011).

4

claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id*. at 1251.

A transfer to the Tenth Circuit is not warranted here because Petitioner's claims are untimely and meritless. AEDPA imposes a one year statute of limitations on all § 2254 habeas applications. 28 U.S.C. § 2244(d). Because Petitioner did not file an appeal, the limitations period began running 30 days after his judgment became final—August 17, 2001.[3] *Id*. § 2244(d)(1)(A); *First Federal Petition, doc. 17*. The year was not tolled prior to expiring because Petitioner did not file his first state habeas petition until April 25, 2005, nearly four years after his judgment and sentencing. *See id*. § 2244(d)(2). Thus, Petitioner's first federal petition was time-barred, as is this one.

Even if Petitioner had good cause for failing to timely raise his claims and the Tenth Circuit were to authorize the instant petition, this Court would have to dismiss it. The petition contains two claims, neither of which was asserted in Petitioner's first § 2254 petition: (1) improper aggravation of his sentence by the judge rather than the jury and (2) ineffective assistance of counsel for allowing the aggravation of Petitioner's sentence. Because these are new claims, this Court must dismiss the petition unless

---

[3] Petitioner has not demonstrated that the limitations period should run from a later date due to interference by the State, the existence of a newly recognized constitutional right, or later-discovered facts or evidence. *See* 28 U.S.C. § 2244(d)(1)(B)-(D); *doc. 1* at 13 (failing to answer question on § 2254 form that instructs the applicant to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.").

5

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)

        (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
        (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Petitioner has met none of these requirements.

His first claim—improper aggravation of his second degree murder sentence by a judge rather than a jury—is governed by *Apprendi v. New Jersey*, in which the Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury." 530 U.S. 466, 490 (2000). "[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely v. Washington*, 542 U.S. 296, 303 (2004). In New Mexico, second degree murder carries a basic sentence of 15 years imprisonment. N.M. Stat. § 31-18-15(A)(4). However, in his plea agreement, Petitioner stipulated to the aggravation of the sentence by one-third for a total of 20 years. *Doc. 12*, Ex. B. In doing so, he implicitly stipulated to the facts that support the one-third aggravation. *See id.* at 4. (finding that "there exists a basis in fact for believing the defendant is guilty of the offenses charged and that an independent record for such factual basis has been

made"). Petitioner thereby waived his rights under *Apprendi* to have a jury determine the existence of aggravating circumstances. *Blakely* v, 542 U.S. at 310 ("When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding."); *Anderson v. Hartley*, 2011 WL 1060670, at *3 (D. Colo. Mar. 22, 2011) (finding petitioner waived his *Apprendi* rights by stipulating to aggravated range sentencing in his plea agreement). Petitioner has not pointed to any new rule of law that would alter this result. Further, because the aggravation of Petitioner's sentence is unrelated to his culpability for the underlying murder, success on this claim would not lead a factfinder to find Petitioner not guilty of the crime. Therefore, this claim would be subject to dismissal under § 2244(b)(2).

Petitioner's second claim— ineffective assistance of counsel for allowing the aggravation of Petitioner's sentence—also fails. Ineffective assistance claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, counsel is ineffective in violation of the Sixth Amendment if a petitioner can demonstrate both that (1) his "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defendant." 466 U.S. 668, 687-88 (1984). Here, there is no evidence of counsel's deficiency: Petitioner knowingly and voluntarily signed the plea agreement which plainly included an aggravated sentence. *See doc. 12*, Ex. B. *Strickland* was the law at the time of Petitioner's

judgment and sentencing and he has not identified any later Supreme Court decision that would provide a basis for his claim.  As was true for his first claim, because the aggravation of his sentence has no bearing on culpability, success on this claim would not affect a factfinder's guilt determination.  Therefore, this claim would have to be dismissed under § 2244(b)(2), even if the Tenth Circuit authorized Petitioner's petition.

### III. CONCLUSION

I have found that this Court lacks jurisdiction over Petitioner's petition because he has failed to obtain authorization for a successive petition from the Tenth Circuit.[4] Because Petitioner's claims are untimely and meritless, I recommend that the Court dismiss the petition rather than transfer it to the Tenth Circuit.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

[4] Because I find that this Court lacks jurisdiction over his petition, I also recommend that the Court deny Petitioner's discovery motion (*doc. 13*), motion for appointment of counsel (*doc. 15*), and motion for an order to show cause (*doc. 17*).